UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY KAMAL,

    Plaintiff,

v.

CITY OF BELLEVUE,

    Defendant.

Case No. 2:16-cv-01954-RSL

ORDER GRANTING DEFENDANT CITY OF BELLEVUE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE

This matter comes before the Court on Defendant's motion for judgment on the pleadings. Dkt. # 13. Defendant claims that Plaintiff failed to comply with the statutory mandates of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Rehabilitation Act of 1973, and the American's with Disabilities Act of 1990 ("ADA") pursuant to 42 U.S.C. § 2000(e)-5(f). Id. The Defendant argues that it is entitled to judgment on the pleadings pursuant to Rule 12(c) and that Plaintiff's claim should be dismissed with prejudice. Id.

On September 30, 2015, Plaintiff was terminated from her job as a Senior Financial Analyst with the City of Bellevue. Dkt. #1, ¶ 41. On September 30, 2016, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Dkt # 1, ¶ 44. Plaintiff then filed a complaint *pro se* against Defendant on December 21, 2016, alleging that she was subject to (1) age discrimination, (2) retaliation, (3) disability discrimination, and

ORDER - 1

(4) gender discrimination in violation of Title VII, Rehabilitation Act, the ADA, and the ADEA. Id. at ¶¶ 45–54. Defendant argues that the claims must be dismissed because Plaintiff failed to (1) file a charge with the EEOC within 300 days of the alleged discriminatory act and (2) obtain a Notice of Right to Sue from the EEOC. Dkt. # 13 at 1.[1]

Under Rule 12(c) a party may move to dismiss a suit "after the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Stantley v. Trustees of Cal. State Univ., 443 F.3d 1129, 1133 (9th Cir. 2006) (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). A motion under Rule 12(c) is the functional equivalent of a Rule 12(b)(6) motion. Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1052 n.1 (9th Cir. 2008); see also Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989) (stating that Rule 12(c) and 12(b)(6) motions may differ in time of filing but are "functionally identical.").

In order to survive a motion for judgment on the pleadings, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering such a motion, the Court must consider the complaint in the light most favorable to the Plaintiff. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The Court must accept all factual allegations as true, id., as well as all reasonable inferences to be drawn from the materials allegations in the complaint. Brown v. Elec. Arts, Inc., 724 F.3d 1235, 1247–48 (9th Cir. 2013). However, the Court is not required to "accept any

---

[1] On March 9, 2017, now with representation, Plaintiff filed a motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2). Dkt. # 14. Plaintiff also filed a response to Defendant's 12(c) motion asking this Court to again consider voluntary dismissal without prejudice. Dkt. # 19. While Defendant does not oppose voluntary dismissal of Plaintiff's claim, Defendant asks this Court to dismiss the claim with prejudice. Since Plaintiff's claim suffers from a fatal defect — not filing a charge with EEOC within 300 days — and this procedural error cannot be remedied, Defendant is entitled to a final adjudication. Because this Court has granted Defendant's motion for judgment on the pleadings, Plaintiff's motion for voluntary dismissal, Dkt. # 14, is denied as moot.

ORDER - 2

unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." Illeto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

"Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) (quoting Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974)0. A plaintiff's exhaustion of administrative remedies is a condition precedent to filing an action in federal court. Vinieratos v. United States, 939 F.32d 762, 768 n. 5 (9th Cir. 1991); but see Sommatino v. United States, 255 F.3d 704, 707 (9th Cir. 2001) ("Substantial compliance with the present of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite."). A plaintiff must (1) timely file charges of employment discrimination with the EEOC and (2) receive, and act upon, the EEOC's notice of the right to sue.[2] 42 U.S.C. §§ 2000e-5(a), 2000e-5(e); McDonnell Douglas Corp v. Green, 411 U.S. 792, 798 (1973).

The requirements of filing a charge under either the ADA, Ockletree v. Fransciscan Health System, No. 11-CV-05836RBL, 2012 WL 6146673, at *3 (W.D. Wash. Dec. 11, 2012), or the ADEA, Sanchez v. Pacific Powder Co., 147 F.3d 1097, 1099 (9th Cir. 1998), are the same. "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice." National R.R. Passenger Corp, 536 U.S. at 109. In Washington, a plaintiff must file a charge with the EEOC within 300 days. Sanchez v. Pacific Powder Co., 147 F.3d 1097, 1099 (9th Cir. 1998). "A claim is time barred if it is not filed within these time limits." National R.R. Passenger Corp, 536 U.S. at 109.

---

[2] While Defendant alleges that Plaintiff's complaint should also be dismissed because she failed to receive a notice of right to sue, Dkt. # 13 at 2, the record shows that Plaintiff procured her notice of right to sue. Dkt. # 14-1. Because Defendant's motion for judgment on the pleadings can be decided on Plaintiff's failure to comply with the statutory requirements, the Court will not decide this issue.

ORDER - 3

Plaintiff was terminated on September 30, 2015, but did not file her charge with the EEOC until September 30, 2016 — a year after she was fired. Therefore, her charge was sixty-five days past the statutorily imposed deadline. 42 U.S.C. § 2000e-(5)(e). Plaintiff's claims fail as a matter of law.

For the aforementioned reasons above, Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's motion for voluntary dismissal without prejudice is DENIED AS MOOT. Plaintiff's case is DISMISSED WITH PREJUDICE.

Dated this 24th day of April, 2017.

Robert S. Lasnik
United States District Judge

ORDER - 4